UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LENZIE TURNER,<br><br>   Petitioner,<br><br>  v.<br><br>FELICIA PONCE,<br><br>   Respondent. | No. 2:15-cv-1758 GGH P<br><br><br><br>ORDER |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2251. Petitioner has paid the filing fee. The court finds that it does not have subject matter jurisdiction over the petition and accordingly, will order petitioner to show cause why it should not be dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

I. Screening

A district court may summarily dismiss a § 2241 petition where "it appears from the application that the applicant or person detained is not entitled" to relief. See 28 U.S.C. § 2243. Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254 petitions. Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 ("Habeas Rules"); Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254). Habeas Rule 4 provides that the

1

Court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. Habeas Rule 4.

II.     Analysis

Petitioner claims that his "custody classification score was calculated in error due to erroneous information contain[ed] in [his] central file." ECF No. 1 at 3. Petitioner does not otherwise explain the legal basis of his claims, except with reference to a "Declaration brought in support of petition for writ of Habeas Corpus." Id. Although it is not clear what declaration petitioner is referring to, an attached inmate request form to the Federal Bureau of Prisons ("BOP") dated February 22, 2015, is revealing. ECF No. 1 at Exhibit B. The form includes allegations that a certain state conviction was improperly counted against him in his custody classification score. Id. Petitioner claims that this error "adversely affected [his] custody level, housing, work assignments, level of supervision[,] and eligibility for desirable activities. Id.

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891–892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement).

Claims concerning various prison conditions that have been brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an

action pursuant to <u>Bivens</u> is appropriate. See, e.g., <u>Dyson v. Rios</u>, Case No. 1:10-cv-00382-DLB-HC, 2010 U.S. Dist. LEXIS 97607 at *10 (E.D. Cal. Sept. 1, 2010) (a claim challenging placement in a special management housing unit in connection with a disciplinary violation); <u>Burnette v. Smith</u>, Case No. CIV S-08-2178-DAD-P, 2009 U.S. Dist. LEXIS 20219 at *2 (E.D. Cal. Mar. 12, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff); <u>Evans v. United States Penitentiary</u>, Case No. 1:07-CV-01611 OWW GSA HC, 2007 U.S. Dist. LEXIS 87181 (E.D. Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

The petition suffers from a number of defects. First, it is not clear what the legal basis of the petition is, as petitioner does not claim that his confinement violates any particular constitutional or federal law. In addition, petitioner's claims arise out of an allegedly improper custody classification score, which has caused him the loss of privileges related to housing, work assignments, level of supervision, and available activities. Such claims challenge the conditions of petitioner's confinement, not its fact or duration. Accordingly, petitioner's claims are more properly brought in a <u>Bivens</u> action. In accordance with the foregoing, the court will issue an order to show cause why the petition should not be dismissed without leave to amend. Petitioner's response must explain the legal basis of his claims, and allege sufficient facts in support of those claims. Petitioner's response must also explain why it is the court has subject matter jurisdiction pursuant to § 2241.

III. <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that petitioner shall show cause within thirty (30) days why the petition should not be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Dated: October 6, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/GGH17; turn1758.osc