UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LENZIE TURNER,<br><br>        Petitioner,<br><br>    v.<br><br>FELICIA PONCE,<br><br>        Respondent. | No. 2:15-cv-01758-GGH<br><br><br>ORDER |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus, purportedly pursuant to 28 U.S.C. § 2241. This matter is before the undersigned in accordance with the consent of both parties, see 28 U.S.C. § 636(c). Currently pending before the court is respondent's motion to dismiss. After careful consideration, the undersigned concludes that this court lacks jurisdiction to proceed in this case. However, rather than dismiss, the more appropriate outcome is a transfer of this case to the sentencing court which has jurisdiction over a 28 U.S.C. § 2255 motion.

PROCEDURAL HISTORY

Petitioner filed the petition on August 19, 2015. ECF No. 1. On October 7, 2015, petitioner was directed to show cause why the petition should not be dismissed for lack of subject matter jurisdiction and failure to state a claim. The court found that the petition was challenging the terms and conditions of plaintiff's confinement, not its fact or duration. Because such claims

are more properly brought as <u>Bivens</u> actions, the court ordered petitioner to show cause why the petition should not be dismissed without leave to amend. On November 2, 2015, petitioner filed a response explaining that the petition was meant to include two claims. First, petitioner claims that his custody classification score was calculated in error. And second, petitioner claims that his sentence was miscalculated under the Sentencing Guidelines. Both of plaintiff's claims revolve around two separate previous convictions in 2005 and 2006, one in state court and the other in federal court. ECF No. 8 at 3. Petitioner alleges that these convictions were essentially for the same crime and accordingly, should not be counted twice for the purposes of his custody classification score or most recent sentencing. ECF No. 1 at 3, 43.

In light of this explanation of his claims, the court discharged its order to show cause and directed respondent to file a response. ECF No. 10. On March 11, 2016, respondent filed a motion to dismiss the petition arguing that the court does not have jurisdiction to adjudicate either of plaintiff's claims. ECF No. 18. On March 28, 2016, petitioner filed a traverse, which the court will construe as an opposition to respondent's motion. <u>See</u> ECF No. 19 at 2 ("Petitioner brings this traverse in response to respondent's motion to dismiss.").

## BACKGROUND

Petitioner was indicted by a grand jury in the Eastern District of Missouri in a narcotics case in August 2011. <u>United States v. Turner</u>, 1:11-cr-103-JAR-1 (ECF No. 1). On April 2, 2012, petitioner entered into a plea agreement. ECF (Missouri)No. 608. Under the plea agreement petitioner agreed to plead guilty to Count I of the indictment, which charged him with violating 21 U.S.C. 841(a)(1) and 846, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride. In exchange, the government agreed to dismiss the remaining counts of the indictment and instead to file a sentence enhancement for one of the defendant's prior convictions in an earlier federal case. Based on the allegation of a single prior offense, the statutory minimum for petitioner's offense of conviction was 240 months. 21 U.S.C. § 841(b)(1)(A). If petitioner had been found to have two priors, the statutory minimum would have been life imprisonment. § 841(b)(1)(A). Petitioner also agreed that he met the definition of a career offender under § 4B1.1 of the Sentencing Guidelines.

On April 5, 2012, petitioner entered a guilty plea in accordance with his plea agreement. ECF (Missouri) No. 607. Prior to sentencing petitioner was evaluated by the U.S. Probation Office for the Eastern District of Missouri. The Pre-Sentencing Report (PSR) included information on two prior convictions: (1) a Missouri state case for which petitioner was sentenced in June 2006; and (2) a July 2005 conviction in a prior federal case, for which he was sentenced in November 2005. The PSR concluded that petitioner was a career offender, and since a career offender's criminal history category is VI in every case, the PSR calculated that to be defendant's criminal history category. The sentencing court adopted the findings of the PSR without change and found the petitioner's criminal history score to be VI. ECF (Missouri) No. 1316-2.

Petitioner was then transferred to the BOP, which began the custody classification process. This process involves assigning a prisoner a security point score, which is used to identify the type of institution required to house a particular inmate: low, medium, high, or administrative security. The point score takes a number of factors into account, including the inmate's offense, prior criminal history, and institutional adjustment. In addition to its initial determination the BOP periodically and systematically reviews inmates' custody classification. The BOP's custody classifications do not affect the length of a prisoner's sentence. See Vickers Declaration, ECF No. 18 at 13 (electronic pagination).

Petitioner was initially classified in 2013 under the medium category, but the BOP has since lowered his classification to low.

## ANALYSIS

A. <u>Jurisdiction Over Petitioner's BOP Classification Error Claim</u>

The court finds that plaintiff's first claim based on the BOP's alleged misclassification of petitioner is not a proper subject for a habeas corpus action to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement, and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement). "[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. Ramirez v. Galaza, 334

F.3d 850, 85859 (9th Cir. 2003).

Here, it is without legitimate dispute that petitioner's initial, or later modified, classification by the BOP does not affect the length of his prison sentence. Hence, there can be no habeas jurisdiction under 28 U.S.C. section 2241 for his alleged execution of sentence misclassification argument.

B.  Jurisdiction Over Petitioner's Guidelines Error Claim

The undersigned finds that petitioner has not shown that this court in the Eastern District of California has jurisdiction over his claim that his 2011 sentence was wrongly calculated. Generally, a motion pursuant to § 2255 is the only appropriate vehicle by which to challenge a conviction, including the legality of a sentence. Tripati v. Henman, 843 F.2d 1160, 1162-63 (9th Cir. 1988), (citing 28 U.S.C. § 2255); see also Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."). If the petition is construed as a motion under § 2255, only the Eastern District of Missouri has jurisdiction. If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

No matter how petitioner attempts to frame his argument, he seeks to have modified, through a § 2241 habeas proceeding, the 2011 conviction's imposed sentence. Petitioner alleges that in light of the BOP "nunc pro tunc" recognized in 2007, the "imposition of [federal] sentence" should have run concurrently with the 2006 state sentence. Petitioner further argues that the BOP had the duty to inform the district court in 2011 of this fact. Evidently petitioner believes that the 2007 administrative order, assuming that it ever happened and assuming it could modify the federal 2005 sentence, somehow effectively expunged his 2005 federal conviction for consideration in sentencing actions in 2011. Under petitioner's interpretation, the "nunc pro tunc" order should have reduced his criminal history calculation for purposes of sentencing in

4

2011 from Level VI to Level III , having the effect of potentially reducing his imposed 2011 sentence by many months.  Petitioner does not relate why *he* did not inform the district court of this "fact" during his federal criminal proceedings in 2011; he just blames the BOP.  Petitioner does not attack the BOP "nunc pro tunc" decision except for this alleged failure to notify in 2011.  In any event, however argued and whoever's "fault" it was, petitioner attacks the validity of the 2011 sentence.  Petitioner's remedy lies pursuant to 28 U.S.C. section 2255 as he attacks the validity of the imposed 2011 sentence.

Thus, jurisdiction does not lie under § 2241, and this action is only properly brought in Missouri, unless petitioner qualifies for the sole exception to the rule that § 2241 does not permit challenges to a criminal judgment.

A federal prisoner may contest the legality of his conviction or sentence in a § 2241 petition only where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  This exception is known as the § 2255 "escape hatch."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons.  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999).  It is a narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The Ninth Circuit has held that "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted); see also Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).

Petitioner's attempt to seek redress by way of a petition for writ of habeas corpus under § 2241 is fatally flawed based on his failure to show, or even allege, that he is actually innocent of the crime of conviction, and did not have an unobstructed procedural opportunity to present his claim of innocence.

"'Actual innocence' means factual innocence, not merely legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623–24 (1998).  To meet this test, the petitioner must show that in

5

light of new and reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see also House v. Bell, 547 U.S. 518, 536–39 (2006) (prisoner must demonstrate that more likely than not, any reasonable juror would have reasonable doubt).

Here, petitioner does not challenge the determination of his guilt. Rather he appears to argue that the plea bargain he entered in 2011, and the Missouri court's sentencing upon its receipt, was unlawful because of a prior administrative order affecting the criminal history computation for the 2011 sentencing. He has not, therefore, even suggested that his petition should be viewed through the prism of an actual innocence standard.

Moreover, petitioner fails to demonstrate that he did not have an "unobstructed procedural shot" at presenting the instant claim. The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

Thus, because petitioner does not qualify for the escape hatch, this court lacks jurisdiction under § 2241 to entertain the petition, and this action must be dismissed. See Stephens, 464 F.3d at 899 (affirming dismissal for lack of jurisdiction where § 2241 petition challenged legality of conviction and sentence, and "escape hatch" exception to § 2255 did not apply). The procedural relief petitioner seeks must be sought in the court of his conviction, not here.[1]

---

[1] Petitioner also believes that this court may act pursuant to section 702 of the Administrative Procedures Act as he alleges that the BOP acted contrary to law governing its actions. With respect to the issue addressed in this section, the court is hard pressed to understand how any agency action affected petitioner in some unlawful way. In any event, while the APA may be susceptible for consideration in a case whose entire focus is on alleged unlawful agency action, see e.g., Kirk v. White, 627 F. Supp. 423 (E.D. Va. 1986) (parole issue administered entirely by the Parole Commission), it is of no use in an action, seeking a shorter incarceration, whose focus is to attack the legality of a court imposed sentence. See United States v. Richardson, 2014 WL 1371546,*3 W.D. Pa. 2014 (petitioner cannot avoid the proscriptions of § 2255 by labeling his action as one under the APA); Perez v. Lappin, 672 F. Supp. 2d 35, 44 (D.D.C. 2009).

## CONCLUSION

Accordingly, IT IS ORDERED that the petition, construed as one made pursuant to 28 U.S.C. § 2255, be transferred[2] to the Eastern District of Missouri as the Eastern District of California lacks jurisdiction.[3]

Dated: May 23, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/GGH17; turn1758.dism

---

[2] An improperly brought § 2255 motion may be dismissed or transferred to the district court which would have had jurisdiction over the §2255 motion if initially brought there. Diaz v. United States, 2009 WL 541573 (E.D. Cal. 2009). The court is not aware that petitioner has filed any § 2255 motion previously; thus it appears that the Missouri court may have jurisdiction. In any event, if it does not, the Missouri district court can so hold. Moreover, since any AEDPA limitations argument is an affirmative defense, the undersigned will not take that into consideration here. See Diaz.

[3] The undersigned expresses no opinion on the validity of petitioner's arguments, or whether a § 2255 motion would be considered successive or timely.