# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOE LENZIE TURNER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:16CV741 AGF |
| FELICIA PONCE, | ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter was transferred from the United States District Court from the Eastern District of California. After reviewing the case in its entirety, the Court will dismiss this matter as duplicative of another matter already pending on this Court's docket.

### Procedural History

Petitioner, Joe Lenzie Turner, brought the instant application for petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District for the Eastern District of California. After reviewing the case, United State Magistrate Judge Gregory G. Hollows transferred the instant action to this Court, finding that the present matter was more properly construed as one brought pursuant to 28 U.S.C. § 2255. Judge Hollows found, therefore, that the case should have been filed within the confines of the United States District Court for the Eastern District of Missouri.

After considering respondent's motion to dismiss for lack of jurisdiction, the California District Court transferred the instant action to this Court. In its Memorandum and Order, dated May 23, 2016, United States Magistrate Judge Gregory G. Hollows found that petitioner was bringing two claims in his application for writ. The first claim involved an alleged that the

Bureau of Prisons ("BOP") had misclassified petitioner.[1] After reviewing evidence relating to the BOP's classification system, Judge Hollows found that such a claim was not within the proper purview of habeas corpus, as it did not affect the length of his prison sentence.

Judge Hollows found that petitioner's second claim, however, alleged a sentencing guidelines error, wherein petitioner attacked the validity of his 2013 sentence, issued by the Honorable Judge John A. Ross in this Court.[2] Accordingly, Judge Hollows found that petitioner's remedy under § 2255 was not inadequate or ineffective, such that he could proceed under the "escape hatch" provision of the statute, or under § 2241. Thus, petitioner's only remedy was to pursue his allegations under § 2255. As such, Judge Hollows transferred the case to this Court.

## Discussion

This Court takes judicial notice that petitioner filed a prior motion to vacate in the Eastern District of Missouri, on June 2, 2014, pursuant to 28 U.S.C. § 2255. *See Turner v. United States*, No. 1:14CV77 JAR (E.D.Mo. 2014). Respondent filed a response to petitioner's motion on August 22, 2014; however, petitioner moved to supplement his motion to vacate

---

[1] When petitioner was transferred to the BOP, they began the custody classification process, first assigning petitioner a security point score. According to the BOP, the security point score is used to identify the type of institution to house a particular inmate: low, medium, high or administrative security. The security point score takes a number of factors into account, including the inmate's offense, prior criminal history and institutional adjustment. In addition to its initial determination, the BOP periodically and systematically reviews inmates' custody classification. The BOP's custody classifications do not affect the length of a prisoner's sentence. *See* Vicker's Declaration, Doc. #18.

[2] On April 5, 2012, petitioner pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride. *See United States v. Turner*, No. 1:11CR103 JAR (E.D.Mo. 2011). On June 17, 2013, petitioner was sentenced to 240 months' imprisonment by the Honorable John A. Ross, to run concurrently with any sentence imposed in Case No. 1:05CR95 JAR, pursuant to the provisions of U.S.S.G. § 5G1.3. Petitioner was also sentenced to ten years' supervised release.

recently, on May 5, 2016. *Id.* In his recent supplement, petitioner makes the same argument espoused in the instant motion to vacate relating to the validity of his 2013 sentence. Petitioner also attacks the BOP's execution of his state and federal sentences and their concurrent administration by the BOP. This case is currently awaiting disposition before the Honorable John A. Ross, the sentencing judge in petitioner's 2013 criminal case in this Court.

Because the matters contained in the current petition are already before the Court in a prior § 2255 petition brought by movant, the Court will dismiss the instant action as duplicative. Petitioner should bring any and all additional claims relating to his § 2255, addressing his 2013 conviction and sentence in his prior pending § 2255, *Turner v. United States*, 1:14CV77 JAR (E.D.Mo. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that this matter shall be **DISMISSED,** without prejudice, **AS DUPLICATIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall issue.

Dated this 17th day of June, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE